UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



Thomas J. Bartelho, )
)
    Plaintiff, )
)
v. ) Civil Action No. 17-2627 (UNA)
)
Federal Bureau of Prisons, )
)
    Defendant. )

**MEMORANDUM AND ORDER**

Plaintiff has filed an "objection" to the order entered on September 7, 2018, which dismissed this *pro se* prisoner action due to plaintiff's failure to comply with the filing fee requirements of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). Plaintiff's objection is construed as a motion to reopen. Plaintiff has demonstrated his substantial compliance with the fee requirements but, as explained below, his complaint fails on the merits. Consequently, reopening this matter would be futile.

To succeed on a motion to reopen, the movant must show that the underlying claim is meritorious. Although the movant need not satisfy a particularly "high bar," he must offer "a hint of a suggestion" that he might prevail if the case is reopened. *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (quoting *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012) (internal quotation marks omitted)). Under 28 U.S.C. § 1915A, a court must screen and immediately dismiss a prisoner's complaint that fails to state a claim upon which relief can be granted. Such applies here. Plaintiff is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He alleges that defendant Bureau of Prisons has failed "to maintain

accurate records and [to] amend inaccurate files which affect [him] adversely within the definition" of the Privacy Act, 5 U.S.C. § 552a(e)(5). Compl. at 1. Plaintiff seeks an order compelling the correction of such records and $1,000 in monetary damages under § 552a(g). *Id.* at 4. It is well established, however, that "the Bureau of Prisons has [properly] exempted its inmate record systems from the . . . accuracy and amendment provisions" of the Privacy Act, *Lane v. Fed. Bureau of Prisons*, 442 Fed. App'x 578 (D.C. Cir. 2011) (per curiam) (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam)), and from the Act's "damages provision (subsection (g))," *Lane v. Fed. Bureau of Prisons*, No. 08-cv-1269, 2009 WL 1636422, at *1 (D.D.C. June 9, 2009), *aff'd*, No. 09-5228, 2010 WL 288816 (D.C. Cir. Jan. 7, 2010) (citing 28 C.F.R. § 16.97(a)(4) (other citations omitted)). *See also Harrison v. Fed. Bureau of Prisons*, 248 F. Supp. 3d 172, 181 (D.D.C. 2017) (holding "as a matter of law" that because the BOP's Inmate Central Records System "appears to house all inmate records related to sentencing, [public safety factors], housing, custody classification, security designations, and the like," subsections (d)(1), (e)(5), and (f) of the Privacy Act "afford inmates and former inmates no cause of action regarding such records") (citations omitted)). Plaintiff can show no entitlement to relief under the Privacy Act.[1]

---

[1] Plaintiff cites *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), for the proposition that as part of maintaining accurate records, BOP has a duty to "take reasonable steps" to verify information capable of being verified. Compl. at 2-3. But "apparently the *Sellers* directive . . . is no longer controlling . . . 'as it was decided before the Bureau of Prisons exempted the relevant system of records from the accuracy provision.' " *Earle v. Holder*, 815 F. Supp. 2d 176, 183 (D.D.C. 2011), *aff'd*, No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) (quoting *Lane*, 2010 WL 288816) (other citation omitted)). Plaintiff also cites BOP Program Statement 5800.11(15) governing "Inmate Review of Inmate Central File," *see* Compl. at 2, which clearly states: "This procedure is not required by the . . . Privacy Act."

Accordingly, it is

**ORDERED** that plaintiff's construed motion to reopen [Dkt. # 5] is **DENIED**, and this case stands dismissed. This is an appealable order.

/s/ Ketanji B. Jackson
United States District Judge

Date: October 23, 2018

3